JKR

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:05-Cr- 2 09- T 17 m SS

MICHAEL BROWN

## PLEA AGREEMENT

A.    **Particularized Terms**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Paul I.

Perez, United States Attorney for the Middle District of Florida, and the defendant,

Michael Brown, and the attorney for the defendant, Aubrey Dicus, Esq., mutually agree

as follows:

1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the Information.

Count One charges the defendant with possession with intent to distribute a quantity of

a mixture or substance containing a detectable amount of marihuana, in violation of 21

U.S.C. § 841(a)(1) and (b)(1)(D).

2.    Maximum Penalties

Count One carries a maximum sentence of 5 years imprisonment, a fine

of $250,000, a term of supervised release of at least 2 years, and a special assessment

of $100.000, said special assessment to be due on the date of sentencing.

Defendant's Initials _____        AF Approval _____

3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of

the offense(s) with which defendant has been charged and to which defendant is

pleading guilty.  The elements of Count One are:

> First:      That defendant knowingly and willfully possessed a
>             controlled substance as charged in the Indictment
>
> Second:   That the Defendant possessed the substance with the intent
>             to distribute it.

4.    Utilization of the Sentencing Guidelines

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will

recommend to the Court that the Court determine the defendant's applicable guidelines

range and defendant's guidelines sentence, with any applicable departures, pursuant to

the United States Sentencing Guidelines.

5.    Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a

federal grand jury.

6.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's

Office for the Middle District of Florida agrees not to charge defendant with committing

any other federal criminal offenses known to the United States Attorney's Office at the

time of the execution of this agreement, related to the conduct giving rise to this plea

agreement.

Defendant's Initials                  2

7.     Adjusted Offense Level

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant's adjusted offense level be calculated at level 8, as determined below:

| Guideline | Description | Levels |
|---|---|---|
| § 2D1.1(a)(3) | Base Offense | 12 |
| § 2D1.1(b)(7) | Specific Offense Characteristic | -2 |
| § 3E1.1 | Acceptance of Responsibility | -2 |
| | Total Adjusted Offense Level | 8 |

The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

8.     Acceptance of Responsibility - Two Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _____     3

9.    Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court.  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.  Should the court accept the guidelines recommendation of the government, this low end recommendation would be for a sentence of time served followed by a term of supervised release.  Again, the defendant understands that this recommendation is not binding on the court.

10.    Safety Valve Provision

The United States will recommend to the Court that it impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, pursuant to USSG §5C1.2, if the Court finds that the defendant meets the criteria set forth in 18 U.S.C. § 3553(f).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

11.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853, whether in the possession or control of the United States

Defendant's Initials           4

or in the possession or control of the defendant or defendant's nominees.  The

defendant agrees and consents to the forfeiture of these assets pursuant to any federal

criminal, civil, and/or administrative forfeiture action.  The defendant also hereby agrees

that the forfeiture described herein is not excessive and, in any event, the defendant

waives any constitutional claims that the defendant may have that the forfeiture

constitutes an excessive fine.

        The defendant admits and agrees that the conduct described in the

Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of

the property sought by the government.  Pursuant to the provisions of Rule 32.2(b)(1),

the United States and the defendant request that at the time of accepting this plea

agreement, the court make a determination that the government has established the

requisite nexus between the property subject to forfeiture and the offense(s) to which

defendant is pleading guilty and enter a preliminary order of forfeiture.  Pursuant to

Rule 32.2(b)(3), the defendant agrees that the preliminary order of forfeiture shall be

final as to the defendant at the time it is entered, notwithstanding the requirement that it

be made a part of the sentence and be included in the judgment.

        The defendant agrees to forfeit all interests in the properties described

above and to take whatever steps are necessary to pass clear title to the United States.

These steps include, but are not limited to, the surrender of title, the signing of a

consent decree of forfeiture, and signing of any other documents necessary to

effectuate such transfers.

        Defendant further agrees to take all steps necessary to locate property

and to pass title to the United States before the defendant's sentencing.  To that end,

Defendant's Initials                    5

defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located.  The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

Defendant's Initials _____        6

**B.**   **Standard Terms and Conditions**

    1.   Special Assessment and Fine

On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

    2.   Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

    3.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement,

Defendant's Initials                     7

an affidavit reflecting the defendant's financial condition.  The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4.      Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether

Defendant's Initials ⟨initials⟩                    8

or not such decision is consistent with the government's recommendations contained
herein.

     5.    Appeal of Sentence-Waiver

        The defendant agrees that this Court has jurisdiction and authority to
impose any sentence up to the statutory maximum and expressly waives the right to
appeal defendant's sentence or to challenge it collaterally on any ground, including the
ground that the Court erred in determining the applicable guidelines range pursuant to
the United States Sentencing Guidelines, except (a) the ground that the sentence
exceeds the defendant's applicable guidelines range as determined by the Court
pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence
exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the
Eighth Amendment to the Constitution; provided, however, that if the government
exercises its right to appeal the sentence imposed, as authorized by Title 18, United
States Code, Section 3742(b), then the defendant is released from his waiver and may
appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

     6.    Middle District of Florida Agreement

        It is further understood that this agreement is limited to the Office of the
United States Attorney for the Middle District of Florida and cannot bind other federal,
state, or local prosecuting authorities, although this office will bring defendant's
cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _____     9

7.    Filing of Agreement

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant

Defendant's Initials           10

pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

## FACTS

During the summer of 2002 Joseph Bonetti sold the defendant Michael Brown between 2.5 and 5 kilograms of marihuana which the defendant distributed to others in the Middle District of Florida.

10.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____          11

11.    Certification

The defendant and defendant's counsel certify that this plea agreement

has been read in its entirety by (or has been read to) the defendant and that defendant

fully understands its terms.

DATED this ___10th___ day of ___May___, 2005.

PAUL I. PEREZ
United States Attorney

By: _____

MICHAEL BROWN
Defendant

JAMES C. PRESTON, JR.
Assistant United States Attorney

AUBREY DICUS, ESQ.
Attorney for Defendant

JOSEPH K. RUDDY
Assistant United States Attorney
Deputy Chief, Narcotics Section

N:\_Criminal Cases\B\Brown_2005R00433_jcp\Plea Agreement.wpd